# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL HARRIS<br>4412 Kossuth Ave.<br>St. Louis, MO 63115<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Serve:<br>Joseph Rapp<br>Tort Claims Examiner/Adjudicator<br>United States Postal Service<br>1720 Market Street, Room 2400<br>St. Louis, MO 63155<br><br>and<br><br>Attorney General of the United States<br>Jefferson Beauregard Sessions<br>950 Pennsylvania Avenue NW<br>Washington DC 20530<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Cause No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** Plaintiff, Michael Harris, by and through his attorney, Julia M. Kerr, of The Bradley Law Firm and for this Complaint against Defendant UNITES STATES OF AMERICA states as follows to the Court:

1. At all times herein mentioned, Michael Harris was a lawful resident of St. Louis, Missouri.

2. Plaintiff brings this action pursuant to 28 U.S.C. §2671, et seq. The Federal Tort Claims Act.

3. All administrative remedies have been timely filed, pursued and exhausted pursuant to 28 U.S.C. §2671-2675.

4. On August 14, 2016, Plaintiff Michael Harris was operating a motor vehicle and was involved in a collision with a United States of America vehicle driven by a postal carrier/driver.

5. The driver of said postal vehicle fled the scene of the collision and was never apprehended or identified.

6. At all times mentioned herein, and specifically at the time of the automobile crash out of which this suite arises, John/Jane Doe was an employee of the United States of America, specifically he/shewas a driver for the United States Postal Service.

7. At all times mentioned herein, and specifically at the time of the automobile crash out of which this suite arises, John/Jane Doe was acting within the course and scope of his or her employment with the United State of American as a postal carrier/driver for the United States Postal Service (USPS).

8. John/Jane Doe is subject to this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

9. On August 14, 2016, Plaintiff was in St. Louis County, Missouri conducting personal business.

10. On August 14, 2016, at approximately 4:07 p.m., Defendant United States of America, through its agent, servant and employee John/Jane Doe, was operating a United States Postal vehicle on Eastbound Page at the intersection of Innerbelt Business Parkway in the City of Overland.

11. On August 14, 2016, at approximately 04:07 p.m., Defendant United States of

America, through its agent, servant and employee, John/Jane Doe, operated a United States Postal Truck in such a way that the rear of Plaintiff's vehicle was struck with such force that it caused Plaintiff's vehicle to be pushed into the vehicle in front of him.

12. At the time that John/Jane Doe struck Plaintiff with the United States Postal Vehicle, Plaintiff was lawfully driving Eastbound on Page at the intersection of Innerbelt Business Parkway in the City of Overland.

13. Upon being struck by the United States Postal Vehicle and forcibly pushed into the vehicle in front of him, Plaintiff sustained injuries to his neck, low back, head, forearms, wrists, hands, shoulders, legs and these injuries have continued to this date to cause Plaintiff pain and discomfort.

14. A true and accurate copy of the Missouri Uniform Crash Report generated in connection with the August 14, 2016 vehicle collision at issue is attached as Exhibit 1 and is incorporated by reference as if fully set forth herein.

15. The vehicle-vehicle collision occurred as a direct result of the negligence of Defendant United States of America, by and through John/Jane Doe, in one or more of the following respects:

    (a) John/Jane Doe negligently operated the USPS vehicle at an excessive speed; or

    (b) John/Jane Doe negligently failed to keep a careful lookout; or

    (c) John/Jane Doe allowed his/her vehicle to come into collision with the rear of Plaintiff's vehicle; or,

    (d) John/Jane Doe knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have

      stopped, swerved, slackened speed or sounded a warning; or,

(e) John/Jane Doe was following too closely; or,

(f) John/Jane Doe operated the vehicle while using a cellular device; or,

(g) John/Jane Doe drove while distracted and/or inattentive to the extent that his/her driving ability was impaired.

16. As a direct and proximate result of the aforesaid occurrence, Plaintiff Michael Harris was caused to sustain serious and permanent bodily injuries to wit: neck, shoulders, head, forearms, wrists, hands, legs and low back.

17. As a direct and proximate result of the aforesaid injuries, Plaintiff has been caused to incur medical care and treatment expense and will be required to incur further expense for additional care and treatment in the future.

18. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of requiring additional future medical care, which has caused additional mental suffering and worry.

19. As a direct and proximate result of the aforesaid injuries, Plaintiff has lost wages and will continue to lose wages well into the future.

**WHEREFORE**, Plaintiff, Michael Harris prays for judgment on this Complaint in a fair and reasonable amount in excess of the minimum jurisdiction, together with costs expended herein and for such other relief as the Curt considers proper under the circumstances.

                              Respectfully submitted,

By: _____

      **Julia Kerr, #50350**
      Attorney for Plaintiff
      The Bradley Law Firm
      1424 Washington Avenue, Ste 300
      (314) 721-9111 (phone)
      (314) 255-2765 (fax)
      julia@thebradleylawfirm.com